UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DUSTIN ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-CV-363-GSL |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Dustin Roberts' ("Roberts") appeal of the Social Security Administration's Decision dated February 6, 2023 (the "Decision") which found that Roberts was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be affirmed.

## ANALYSIS

### A. Standard of Review

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and

quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**B.    Procedural Background**

Roberts filed an application for benefits on August 30, 2021, alleging disability beginning on April 30, 2019. The claim was denied initially and on reconsideration. On January 13, 2023, the parties participated in a telephone hearing before an ALJ. The ALJ issued an unfavorable decision on February 6, 2023. (R. 17-27).  This appeal followed.

### C. The ALJ's Decision

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Roberts did not engage in substantial gainful activity since April 30, 2019, the alleged onset date. At step two, the ALJ determined that Roberts had the following severe impairments: spine disorders and neuropathy of the left leg. (R. 19).

At step three, the ALJ found that Roberts did not have "an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)". (R. 19). At step four, the ALJ found that Roberts had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to unprotected heights, moving mechanical parts, humidity, and wetness. If required to sit for 30 to 45 minutes at one time, the claimant will need to stand and stretch at the workstation for approximately 90 seconds during hours wherein there are no regular breaks scheduled.

(R. 20).

Also at step four, the ALJ found that Roberts is unable to perform any past relevant work. (R. 27). However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Roberts can perform. (R. 27). Thus, the ALJ ruled that Roberts was not disabled, as defined in the Social Security Act. (R. 28).

### 1. The ALJ's Assessment of Roberts' Subjective Symptoms

With respect to Roberts' allegations of continuing neuropathy pain in his left leg and foot, the ALJ held that:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because a review of the claimant's course and pattern of care shows that he showed improvement in pain and other symptoms with treatment. He also testified that currently, he is only receiving chiropractic treatment monthly without the use of any prescribed pain medications. Examinations were also essentially unremarkable, and a

> Functional Capacity Evaluation conducted on April 16, 2020, only limited the claimant to light work, just one year out from the alleged onset date. In addition, the claimant's characterization of his pain and other symptoms, and the extent to which they limited him is generally inconsistent with the medical evidence contained in the record. Furthermore, throughout the period that the claimant alleged disability, he was able to engage in some activities of daily living. While no one factor cited above is dispositive, and each perhaps on its own does not establish anything conclusively, the totality of the facts and circumstances cited above made it difficult to rely heavily on the claimant's subjective complaints. Consequently, the undersigned relied greatly on the available objective medical evidence of record and the persuasive medical opinion statements.

(R. 21-22).

The ALJ then discussed the medical evidence noting that on April 23, 2020, Dr. Kevin A. Rahn of Fort Wayne Orthopedics opined that Roberts was capable of light duty work and that his ankle foot orthosis was helping quite a bit. (R. 23). The ALJ also noted that Roberts was seen for a consultative examination by Dr. Abdali Shakoor Jan on October 25, 2021. Roberts complained of pain in his pelvic and waist area which he rated a 9/10 in severity. Roberts also reported chronic back pain and left leg numbness and tingling. Roberts informed Dr. Jan that he is able to climb stairs as long as he has a handrail, can sit for 30 minutes, stand for 30 minutes, and walk for one block before stopping due to back pain. During the exam, Roberts' sensation was abnormal to the left lower extremity, lumbar forward flexion and extension range of motion was abnormal, ankle

dorsiflexion was abnormal, and straight leg raise was abnormal. (R. 23, citing Ex. 7F). The ALJ further noted that on July 29, 2022, Roberts was seen by Dr. Ahmer Ghori at Orthopaedics Northeast for a follow-up appointment. Roberts was doing well and stated that he had 100% improvement in his symptoms, that he was not in pain and that his symptoms did not radiate. (R. 24, citing Ex. 12F). The ALJ also discussed a Functional Capacity Evaluation (FCE) performed by Indiana Physical Therapy on April 16, 2020. During that evaluation Roberts demonstrated the ability to perform light physical work. The ALJ found the FCE to be consistent with the medical evidence but crafted the RFC to further limit him to work at the sedentary level, out of an abundance of caution. (R. 25-26, citing Ex. 4F). Additionally, the ALJ found the opinion of Dr. Abdali Shakoor Jan to be persuasive. As noted above, Dr. Jan evaluated Roberts on October 25, 2021 and, upon examination, Roberts was not in acute distress, displayed normal posture, had a slight limp in his left leg, and had good strength with the ability to perform fine and gross movements on a limited basis. (R. 26, citing Ex 7F).

    The ALJ held that:

> As discussed above, the medical evidence fails to reveal any significant findings to indicate any greater limitations than those provided in the residual functional capacity which incorporates the claimant's alleged limitations that are reasonably supported by the evidence. The claimant's complaints of back and left leg pain and numbness, tingling, and weakness in the left leg were considered in reducing him to sedentary work with additional postural limitations. The undersigned reduced the claimant to sedentary work using an abundance of caution even though the Functional Capacity Evaluation conducted on April 16, 2020 (a year out from the AOD), found a capability for light work, due to the number of procedures over this period of time. The claimant's symptoms were further considered in finding that he should avoid concentrated exposure to unprotected heights and moving mechanical parts. The undersigned also considered the claimant's testimony regarding increased severity in symptoms with wet and damp weather and finds that he should also avoid concentrated exposure to humidity and wetness. Moreover, if required to sit for 30 to 45 minutes at one time, the

>claimant will need to stand and stretch at the workstation for approximately 90 seconds during hours wherein there are no regular breaks scheduled. The undersigned also notes that the vocational expert testified that the limitation to sitting for 30 to 45 minutes before needing to stand and stretch at the workstation for approximately 90 seconds during hours wherein there are no regular breaks scheduled is well within time off task limitations.

(R. 24).

Roberts contends that the ALJ's assessment of his symptoms is not supported by substantial evidence and also that it contains legal errors. Roberts points out that he explained at the hearing that even though he had 100% improvement from his back pain, he still had lingering neuropathy pain from nerve damage. (R. 46-48). However, there is no medical evidence to back up Roberts' assertion.

Roberts relies on *Murphy v. Colvin*, 759 F.3d 811, 818-19 (7th Cir. 2014) and *Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011), to support his position that the ALJ erred in relying on the medical evidence showing improvement. However, as the Commissioner points out, both cases are distinguishable. In *Murphy*, there was no medical evidence to contradict the claimant's assertion that he could not perform work at the light level. 759 F.3d at 818. Here, in contrast, there was evidence contradicting Roberts' claim of excruciating neuropathy pain which he claimed he developed after his May 2022 surgery. That is, the post-surgical medical treatment records from June through November 2022 show that Roberts fairly consistently rated his pain to be a 1 out of 10. (R. 47, 853, 854, 855). In *Scott*, the Seventh Circuit rejected the ALJ's reliance on the evidence of improvement of the claimant's mental symptoms because other medical evidence continued to show that the claimant experienced frequent bouts of crying and feelings of paranoia despite reports of improvement. 64 F.3d at 739-40. Here, there are no medical records supporting Roberts' claim that he had excruciating neuropathy pain after his May 2022 surgery. Rather, all of the post-surgery records show that Roberts reported 100% improvement following surgery and had minimal

pain. (R. 853, 854, 855). Although Roberts' repeatedly claims in his briefs that the ALJ did not address contrary evidence, he fails to cite any such evidence. Rather, Roberts apparently hopes that the Court will assume that he had neuropathy because he had several back surgeries and his claim of neuropathy "aligns with medical literature regarding his post-surgical symptoms." (Opening Brief at 12). This is insufficient.

Roberts also claims that it was error to discount his alleged pain on the basis of lack of medical evidence, citing to *Hall v. Colvin*, 778 F.3d 688 (7th Cir. 2015). However, *Hall* does not stand for the proposition that an ALJ has to accept a claimant's allegations of pain that are unsupported by medical evidence. Rather, the Seventh Circuit in *Hall* noted that pain is often not confirmed by diagnostic tests, and thus it is error for an ALJ to find that complaints of pain are not credible unless thus supported. *Id.* at 691. Here, the ALJ did not find Roberts' complaints of pain to be not credible due to the lack of diagnostic tests. Rather she found him not credible because he did not complain of pain to his doctors in the months after his successful surgery. The ALJ then further noted that Roberts was not taking pain medication and was able to perform some daily activities, which support her conclusions that his pain was not as debilitating as he claimed.

Roberts argues that the ALJ erred in considering that he didn't take pain medication because she didn't explore why he wasn't taking the medicine. He asserted at the hearing that he does not want to take narcotic pain medications and that he was weaned off of Gabapentin (a non-narcotic nerve pain medication) to avoid addiction. (R. 49, 56, 61). At the hearing, the ALJ did, in fact, explore why Roberts didn't take pain medication. (R. 49-50). She queried how was he going to get himself to the point where he could function without pain medicine and he responded that he went for a walk if he started feeling "really miserable". (R. 50). With respect to his daily activities, Roberts claims that the ALJ failed to consider that he did not do much by himself. For example, he

would sometimes put his kayak on his truck and go down to the water and float around a bit, but his wife helped him load the kayak on the truck. (R. 51). Clearly, however, the ALJ considered the limitations of Roberts' daily activities as she noted he could walk a mile, but rested every so often, and that he had help with his kayak. (R. 21). The ALJ also specifically explained that no one factor was dispositive but that the totality of the facts and circumstances made her unable to rely on Roberts' subjective complaints. (R. 22).

The ALJ's findings regarding Roberts' subjective complaints are entitled to great deference. *Summers v. Colvin*, 864 F.3d 523, 528 (7th Cir. 2017) ("We give the ALJ's credibility finding 'special deference' and will overturn it only if it is 'patently wrong.'") (quoting *Eichstadt v. Astrue*, 534 F.3d 663, 667-68 (7th Cir. 2008)). Clearly, in the present case, the ALJ's credibility finding is far from "patently wrong" and, thus, does not provide a basis for remand.

2.   **The ALJ's Finding that Roberts Could Perform Sedentary Work**

As noted earlier, the ALJ found that Roberts had the RFC to perform a reduced range of sedentary work provided he was able to stand and stretch at the workstation for approximately 90 seconds after sitting 30 to 45 minutes. Roberts requests remand, arguing that the ALJ failed to explain the stand and stretch limitation. However, the Decision is clear that the ALJ included the stand and stretch limitation "out of an abundance of caution". (R. 25). That is, there was no medical evidence explicitly suggesting that Roberts needed a stand and stretch limitation, but the ALJ felt it prudent to include this limitation due to Roberts' impairments. There is no error here.

Roberts also claims that the record establishes that he can sit for only 30 minutes at a time, not 45 minutes. (Reply at 9). However, Roberts only cites to his own testimony and his reports to medical providers. There is no medical evidence supporting the contention that Roberts cannot sit

for 45 minutes at a time and, in fact, Dr. Rahn opined that Roberts can sit constantly. (R. 26, citing Ex. 3F/151). Thus, there is no error. *Warnell v. O'Malley*, 97 F. 4th 1050, 1053 (ALJs are subject to only the most minimal of articulation requirements). As there is no basis for remand, the Decision must be affirmed.

## CONCLUSION

For the reasons set forth above, the Defendant's Decision is AFFIRMED. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on May 13, 2024

/s/ Gretchen S. Lund
GRETCHEN S. LUND, JUDGE
UNITED STATES DISTRICT COURT